Honorable Judge Philip H. Brandt
Chapter 7

Michaelanne Ehrenberg, WSBA #25615
John I. Baier, WSBA #34206
KARR TUTTLE CAMPBELL
1201 Third Avenue, Suite 2900
Seattle, Washington 98101-3028
(206) 223-1313
Attorneys for Educational Credit Management Corporation

UNITED STATES BANKRUPTCY COURT WESTERN DISTRICT
OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re<br><br>CATHERINE AVERY,<br><br>Debtor. | Case No. 05-47634-PHB |
| CATHERINE AVERY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, SALLIE MAE TRUST, and EDUCATIONAL CREDIT MANAGEMENT CORPORATION, as a substituted party,<br><br>Defendants. | Adv. Pro. No. 06-04129-PHB<br><br>STIPULATION FOR AND ORDER OF SETTLEMENT |

## STIPULATION

Plaintiff Catherine Avery, and Defendant Educational Credit Management Corporation ("ECMC"), stipulate and agree as follows:

STIPULATION FOR AND ORDER OF
SETTLEMENT - 1

Law Offices
KARR TUTTLE CAMPBELL
A Professional Service Corporation

1.     Plaintiff executed one educational loan promissory note (the "**Note**") for a Federal Family Education Loan Program Consolidation loan. The Note was disbursed on or about May 25, 2001, in the amount of $86,393.28, and can be described as follows:

| Loan Type: | Loan Date: | Guar. Amt.: | Int. Rate |
|---|---|---|---|
| CONS | 5/25/01 | $86,393.28 | 8.25% |

2.     The Note evidences a student loan made to Plaintiff under a program funded in whole or in part by a governmental unit within the meaning of 11 U.S.C. § 523(a)(8). The program, referred to as the Federal Family Educational Loan Program ("FFELP," formerly known as the Guaranteed Student Loan Program), was established by the Higher Education Act of 1965, as codified at 20 U.S.C. § 1071 *et seq*.

3.     Defendant ECMC is a private, nonprofit corporation and a guaranty agency under the FFELP. ECMC is a Minnesota corporation with its principal place of business located at 101 E. 5th Street, Suite 200, St. Paul, MN 55101.

4.     ECMC currently holds all right, title and interest in the Note.

5.     *Plaintiff is a 59-year-old single individual with no dependents. Plaintiff currently resides at 4321 S. 41st St. Apt. 24, Tacoma, WA 98409, and is a self-employed as a Transpersonal Counselor.*

6.     On or about June 12, 2006 ECMC received Plaintiff's Complaint to determine the dischargeability of the Note from Sallie Mae Trust, via the Pennsylvania Higher Education Assistance Agency (PHEAA), the prior guarantor. PHEAA paid a bankruptcy claim submitted by Sallie Mae Trust under the Note's guaranty, and then PHEAA assigned the Note to ECMC for defense of this adversary, making ECMC the guarantor and holder of all right, title, and interest

STIPULATION FOR AND ORDER OF
SETTLEMENT - 2

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*

1 in the Note. On or about July 3, 2006, ECMC filed its Answer to Complaint. On or about July 17, 2006, an order was entered substituting ECMC for the named defendants. Neither Sallie Mae Trust nor PHEAA has any remaining interest in the student loan obligation.

7. The unpaid balance of the Note is $125,259.65, as of January 21, 2007.

## TERMS OF SETTLEMENT

8. Plaintiff and ECMC agree to a settlement of this adversary proceeding on the following terms:

A. Plaintiff unconditionally agrees that her obligation to Defendant ECMC pursuant to the Note shall be nondischargeable.

B. Plaintiff shall pay the sum of $54,000 at 0% fixed interest in satisfaction of the entire debt stated in Paragraphs 1 and 7.

C. Commencing April 1, 2007, Plaintiff will pay $300.00 per month for 180 months to ECMC. Each subsequent payment will be due and owing on the first of every month after the initial payment start date of April 1, 2007.

D. If Plaintiff defaults under the terms set forth in Paragraph 8C, ECMC shall reinstate the original balance owed, plus interest that would have accrued interest at the contract rate less any payments made to the date of default.

E. Plaintiff shall be in default, if any one payment is more than sixty (60) days delinquent. If Plaintiff fails to cure the default within ten (10) days of the date of the letter notifying Plaintiff of such default, then this Stipulation shall become null and void, and the default provisions in Paragraphs 8D will apply.

9. Upon compliance with and completion of the terms of this Stipulation, Plaintiff's liability under the Note described in Paragraph 1 shall be deemed satisfied, and any remaining balance due under the original terms of the Note will be discharged. Upon discharge, ECMC will execute and deliver a full, final and complete release of liability from the sums owed under the Note described in Paragraphs 1 and 7.

STIPULATION FOR AND ORDER OF
SETTLEMENT - 3

*Law Offices*
**KARR TUTTLE CAMPBELL**
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

10. The Note and this Stipulated Judgment and Order remain the sole and separate obligation of Plaintiff Catherine Avery to repay.

11. All payments to ECMC shall be addressed and mailed to:

> ECMC
> Lockbox #8682
> P.O. Box 75848
> St. Paul, MN 55175-0848

12. ECMC's failure to provide a coupon payment booklet, monthly reminder notice, or receipt for payment does not relieve Plaintiff's obligation and/or agreement to make consecutive, timely, monthly payments as described above.

13. Plaintiff may at any time choose to repay her student loan obligation to ECMC in full or in part ahead of schedule without prepayment penalty. Consolidation, however, is not considered prepayment. If Plaintiff consolidates the Note, the amount certified will be the amount due under the original terms of the Note, plus any interest that would have accrued, and any charges or fees required by federal regulations, less any payments made under this Stipulation. In the event of consolidation, this Stipulation shall become void.

14. If any one or more terms or provisions of this Stipulation is/are held to be unenforceable, the remaining terms and provisions shall remain in full force and effect and shall be construed as if the unenforceable provisions had never been contained in this Stipulation.

15. Any amendment, modification, or waiver of any term or condition of this Stipulation must be made in writing and signed by all parties hereto. Any attempted oral or implied amendment, modification or waiver shall be null and void.

STIPULATION FOR AND ORDER OF
SETTLEMENT - 4

Law Offices
KARR TUTTLE CAMPBELL
A Professional Service Corporation
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313. Facsimile (206) 682-7100

16. Except as provided in this Stipulation, all other terms of the Note remain in effect and are hereby incorporated by reference. To the extent that the terms of the Note conflict with the terms of this Stipulation, the terms in this Stipulation control.

17. The parties of this Stipulation acknowledge that they have been represented by independent counsel of their own choice or have had independent counsel available to them throughout all of the negotiations that have preceded the execution of this Stipulation.

18. This Stipulation and the attachments that are incorporated herein constitute the entire agreement of the parties.

19. Each person signing this Stipulation warrants that he/she is fully authorized to sign this Stipulation on his/her behalf and on behalf of his/her respective predecessors, transferors and/or assignors and that the Stipulation is therefore, binding upon and enforceable against the same.

20. This Stipulation is binding upon and shall inure to the benefit of the parties hereto, their respective heirs, executors, administrators, predecessors, successors and assigns.

21. Each party hereto agrees to bear his/her own costs, expenses and attorney's fees in connection with the aforementioned lawsuit and claims.

22. All notices pursuant to this Stipulation shall be sent by U.S. Mail, postage paid:

| If to Plaintiff: | If to Defendant: |
|---|---|
| Catherine Avery<br>4321 S. 41st St. Apt. 24<br>Tacoma, WA 98409 | ECMC<br>Attention: Julie Swedback<br>P.O. Box 64909<br>St. Paul, MN 55164-0909 |

STIPULATION FOR AND ORDER OF
SETTLEMENT - 5

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*

23. The parties to this Stipulation certify that they have read and fully understand its terms.

**SO STIPULATED.**

Dated: 02/06/07

_____
Catherine Avery, Plaintiff

Dated: 2/6/07

_____
Mark J. Giske, WSBA #15969
Attorney for Plaintiff
Shillito & Giske PS
1919 N Pearl St. Ste. C2
Tacoma, WA 98406
253-572-4388

EDUCATIONAL CREDIT MANAGEMENT CORPORATION

Dated: 2/7/07

_____
Michaelanne Ehrenberg, Esq., WSBA #25615
Attorney for ECMC
Karr Tuttle Campbell
1201 Third Ave., Suite 2900
Seattle, WA 98101
(206) 224-8048

STIPULATION FOR AND ORDER OF
SETTLEMENT - 6

Law Offices
KARR TUTTLE CAMPBELL
A Professional Service Corporation
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3029
Telephone (206) 223-1313, Facsimile (206) 682-7100

## ORDER OF SETTLEMENT

The parties having submitted a Stipulation for Settlement; no appearances being necessary and, good cause appearing;

IT IS ORDERED that the terms of the parties' stipulations are approved by the Court and binding on the parties in all respects;

IT IS FURTHER ORDERED that judgment be entered in accordance with the parties' stipulations;

IT IS FURTHER ORDERED that Plaintiff's Complaint be dismissed with prejudice; and,

IT IS FURTHER ORDERED that each party bear its own costs.

DATED this 7 February 2007

_____
United States Bankruptcy Judge

Presented by:

_____
Michaelanne Ehrenberg, WSBA #25615
of Karr Tuttle Campbell,
Attorneys for Educational Credit Management Corporation

Approved as to Form; Notice of Presentation Waived:

_____
Mark J. Giske, WSBA #15969
Attorney for Plaintiff

STIPULATION FOR AND ORDER OF
SETTLEMENT - 7

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone: (206) 223-1313, Facsimile: (206) 682-7100